UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LAKEISHA THOMPSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **MICHIGAN FIRST CREDIT UNION**, <br><br> Defendant. | 2:18-CV-12495-TGB-MKM <br><br> **ORDER GRANTING DEFENDANT'S REQUEST FOR ATTORNEY FEES** |

## I. Introduction

On February 18, 2020, this Court granted Defendant Michigan First Credit Union ("Michigan First")'s motion for summary judgment and denied Plaintiff's motion for partial summary judgment. ECF No. 57. In that Order, this Court stated it would issue a separate order determining the amount of attorney fees owed to Defendant for services pertaining to Defendant's motion for summary judgment relating to - Plaintiff's breach of the Retail Installment Sale Contract ("Contract") that Plaintiff signed with Michigan First's predecessor in interest, Merollis Chevrolet. *Id.* at PageID.931. For the reasons stated below, the Court will **GRANT** Defendant's request for attorney fees and award Defendant $1,410.00 in attorney fees.

## II. Standard of Review

Michigan follows the "American rule" with respect to attorney fees, holding that attorney fees are generally not allowed, either as costs or damages, unless recovery is expressly authorized by statute, court rule, or recognized exception. *Clute v. General Accident Assurance Co. of Canada*, 177 Mich. App. 411, 417, 442 N.W.2d 689 (1989); *see also Matras v. Amoco Oil Co.*, 424 Mich. 675, 385 N.W.2d 586 (1986). "One exception to the 'American rule' regarding attorney fees is a contractual agreement between parties to pay reasonable attorney fees upon breach of contract." *Beach Forest Subdivision Ass'n, Inc. v. Omran*, 2016 WL 6495742, at *2 (Mich. Ct. App. Nov. 1, 2016) (citing *Village of Hickory Point Homeowners Ass'n v. Smyk*, 262 Mich. App. 512, 517; 686 N.W.3d 506 (2004)).

The first step in determining attorney fees is "to arrive at the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983) (noting that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate")). The party requesting the fees has the burden of establishing that they are entitled to the requested amount. *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013). "The

2

key requirement for an award of attorney's fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Inwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). The trial judge must "question the time, expertise, and professional work of [the] lawyer" applying for fees. *Earl v. Beaulieu*, 620 F.2d 101, 103 (5th Cir. 1980). And, in calculating the appropriate award, "the district court is required to give a clear explanation," as to its reasoning. *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004).

"The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Thus, trial courts "may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time," *id.*, and need only provide "a concise but clear explanation" of their reason for reaching a certain fee award amount. *Hensley*, 461 U.S. at 437.

### III. Discussion

Michigan First initially sought to recover $20,520.00[1] in attorney fees pursuant to a clause in the Contract. ECF No. 42, PageID.386. That clause states: "You may have to pay collection costs. If we hire an

---

[1] $20,520.00 was calculated as of the date Michigan First filed its motion for summary judgment. ECF No. 42, PageID.386.

3

attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows." ECF No. 42-1, PageID.391. As an initial matter, Plaintiff argues the Contract in the record, and this clause in particular, is illegible and therefore Defendant has not shown it is entitled to attorney fees under the Contract. ECF No. 46, PageID.606. While the font of the Contract is small, the Contract is not illegible and states that Michigan First is entitled to attorney fees related to the collection of the car loan.

In Michigan, courts must consider six factors when determining whether an attorney fee is reasonable:

(1) the professional standing and experience of the attorney;

(2) the skill, time and labor involved;

(3) the amount in question and the results achieved;

(4) the difficulty of the case;

(5) the expenses incurred; and

(6) the nature and length of the professional relationship with the client.

*Smith v. Khouri*, 751 N.W.2d 472, 479 (Mich. 2008) (quoting *Wood v. Detroit Auto. Inter-Insurance Exchange*, 321 N.W.2d 653, 661 (Mich. 1982)). The party seeking attorney fees "must submit detailed billing records, which the court must examine and opposing parties may contest

for reasonableness. The fee applicant bears the burden of supporting its claimed hours with evidentiary support. If a factual dispute exists over the reasonableness of the hours billed or the hourly rate claimed by the fee applicant, the party opposing the fee request is entitled to an evidentiary hearing to challenge the applicant's evidence and to present any countervailing evidence." *Smith v. Khouri*, 751 N.W.2d 472, 480 (Mich. 2008).

In support of its initial request for $20,520.00 in attorney fees, Michigan First attaches an affidavit from its retained law firm's Firm Administrator, James Johnson. ECF No. 42-14. The affidavit states that the total attorney fees accrued in the case "as of June 25, 2019 is $20,520.00, representing 136.80 hours at an hourly rate of $150.00." *Id.*

Plaintiff argues this affidavit is insufficient because Michigan First has not submitted invoices or billing statements, preventing the Court from determining whether Michigan First actually incurred 136.80 hours of attorney work, whether those hours were reasonable, or whether it is entitled to an hourly rate of $150.00. *Id.*

Defendant rebuts this by arguing that the hours incurred, and their reasonableness, are sufficient because Plaintiff had the opportunity to seek discovery on damages, and an hourly rate of $150.00 is "less than the 25th percentile for this type of work and is exceptionally reasonable." ECF No. 48, PageID.706 (citing *Khouri*, 751 N.W.2d at 475; State Bar of Michigan, *Economics of Law Practice Desktop Summary*, at *9,

5

https://michbar.org/file/pmrc/articles/0000154.pdf (stating that in Michigan in 2017 the hourly rates for representing creditors in collection matters range from $160 per hour to $355 per hour)).

At the hearing on the parties' motions for summary judgment, the Court stated that while the empirical data supplied by Defendant may be sufficient to demonstrate that $150 per hour was a reasonable hourly rate for attorney Michael Krempa, Defendant had not provided sufficient evidence that it worked 136.80 hours or that this was a reasonable amount of time. Defendant is required to produce "detailed billing records" that Plaintiff is entitled to review and contest. *Khouri*, 751 N.W.2d at 480. Further, Defendant had not demonstrated that these attorney fees were incurred only in the course of litigating its breach of contract claim, rather than Plaintiff's Fair Credit Reporting Act ("FCRA") claims.

Following the hearing, Defendant submitted redacted billing records in support of its request for attorney fees in its motion for summary judgment. *See* ECF No. 51. The total amount of fees included in this supplemental pleading is $9,735. At Defendant's requested rate of $150 per hour, Defendant claims to have allotted 64.9 hours to the breach of contract counterclaim. *Id*. This amount represents a significant departure from Defendant's initial request of $20,520. The Court permitted Plaintiff to respond to this supplement, and she argued that a large portion of the attorney fees in the redacted billing records were still

6

incurred in the course of litigating Plaintiff's FCRA claims, rather than Defendant's breach of contract claim. ECF No. 55. Plaintiff submits that at Michigan First's requested rate of $150 per hour, Defendant should be awarded no more than $1,125.00 for 7.5 hours of attorney time dedicated to litigating the breach of contract claim. *Id.* at PageID.889.

The Court will look to the redacted billing records Defendant submitted as a supplement in order to review the reasonableness of its requested attorney fees. ECF No. 51, PageID.764. The billing records represent the only evidence providing any detailed proof for the amount of attorney fees being sought. *Id*. In reviewing the billing records, the Court agrees with Plaintiff that a significant portion of the 64.9 hours claimed by Michigan First were incurred in the course of litigating Plaintiff's FCRA claims, not the breach of contract claim for which they are entitled to attorney fees. *See id.* As such, the Court will determine which entries in Defendant's billing records can appropriately be associated with litigating the breach of contract counterclaim.

### A. Michigan First's motion to amend its pleading to add counterclaim and reply brief

Michigan First states that Mr. Krempa spent 10.6 hours working on the motion to amend Defendant's pleading to assert the breach of contract counterclaim, drafting the amended pleading, and drafting the reply brief in support of the motion to amend. ECF No. 51, PageID.767-69.

Plaintiff contends that because the text of the motion was three pages, the text of the proposed counterclaim was one-and-a-half pages, the text of the reply brief was five pages, and none of these filings involved novel or complex legal issues, that 3.0 hours is a reasonable amount of time to bill. ECF No. 55, PageID.885-86.

In reviewing the entries, the Court gives particular attention to what constitutes a reasonable amount of time spent on these briefings in light of the novelty and complexity of the legal issues involved. While Plaintiff may be correct that 3.0 hours is reasonable, Mr. Krempa has submitted billing indicating that he spent 10.6 hours on this task. That amount of time appears greater than necessary given the expertise of counsel and the comparative simplicity of the issue and the brevity of the pleading involved. The Court finds that 5.0 hours of work is an appropriate amount.

### B. Michigan First's discovery requests and Plaintiff's responses

Mr. Krempa's entries indicate that 2.5 hours were expended in preparing discovery requests and reviewing Plaintiff's responses, on November 14 and 15, 2018, January 2, 2019, and March 20, 2019. ECF No. 51, PageID.768-70. The entries also indicate 0.3 hours were expended in emailing with opposing counsel regarding a settlement offer on November 5, 2018. *Id.* at PageID.768.

8

Plaintiff asserts that Michigan First's request for attorney fees for these tasks should be denied because its motion to amend to add the breach of contract counterclaim had not been granted at that time—it was granted on April 19, 2019—and because the discovery requests sought information pertaining to Plaintiff's claims, not Michigan First's yet-to-be-filed counterclaim. ECF No. 55, PageID.886.

A review of those interrogatories, requests for production, and admission reveal the same. *See* ECF No. 33-1. Therefore, the Court will not award attorney fees related to these discovery requests and settlement offer made prior to Defendant filing the counterclaim.

### C. Plaintiff's deposition

Mr. Krempa's billing entries state that he spent 9.4 hours preparing for, traveling to and from, and attending Plaintiff's deposition on April 9, 2019. ECF No. 51, PageID.773-75.

Plaintiff submits that 0.9 hours should be allocated for the counterclaim, contending that an overwhelming majority of the deposition consisted of matters related to Plaintiff's claims against Michigan First. ECF No. 55, PageID.887.

The Court finds that the deposition mostly focused on Plaintiff's FCRA claims. In reviewing Plaintiff's deposition transcript and Defendant's supplemental briefing, the Court finds that 1.4 hours is a reasonable amount of time that Defendant expended on preparing for,

9

traveling to and from, and attending the deposition in connection with the contract portion of the case.

## D. Hearing on Michigan First's motion to compel discovery and motion to amend its pleading to add counterclaim

According to Defendant, Michigan First's billing entries further indicate that Mr. Krempa spent 4.7 hours preparing for, traveling to and from, and arguing at the hearing on Michigan First's motion to compel and motion to amend to add the breach of contract counterclaim. ECF No. 51, PageID.775.

Plaintiff argues that no more than 2.0 hours should be allotted for the hearing, contending that while Plaintiff's counsel could not recall any specific amount of time devoted to each motion at the hearing, he believed that the hearing mostly addressed Michigan First's motion to compel discovery. ECF No. 55, PageID.887.

The Court finds that the hearing also mostly focused on Plaintiff's FCRA claims. With respect to the entries relating to the breach of contract claim, the Court will award Defendant attorney fees for 1.0 hour of work that Defendant expended on preparing for, traveling to and from, and attending the hearing as it related to the breach of contract portion of the lawsuit.

### E. Michigan First's motion for summary judgment and reply brief

Additionally, the billing entries indicate that Mr. Krempa spent 29 hours drafting Defendant's motion for summary judgment and reply brief. ECF No. 51, PageID.775-79.

Plaintiff argues Defendant spent no more than 8.0 hours drafting his motion for summary judgment and reply brief. ECF No. 55, PageID.887-88. Plaintiff further argues that because each brief addressed the counterclaim in less than a page and that the issue was only one of six issues identified, only 0.8 hours of the total time spent on the motions for summary judgment and reply briefs should be allotted to time spent on the counterclaim. *Id*. In reviewing Defendant's motion for summary judgment, the Court finds that Defendant allotted 0.5 pages out of 9 to the breach of contract issue. ECF No. 42, Page.ID 386. Additionally, Defendant's reply brief allotted 0.75 pages out of 7 to the breach of contract issue. ECF No. 48, PageID.706. Therefore, in both briefings the breach of contract issue took up 1.25 pages out of 16 pages. Accordingly, the Court awards Defendant attorney fees for 1.0 hour of work.

### F. Hearing on the parties' motion for summary judgment

The billing entries indicate that Mr. Krempa spent 8.2 hours preparing for, traveling to and from, and arguing at the hearing on the motion for summary judgment. ECF No. 51, PageID.779.

Plaintiff contends that no more than 0.8 hours should be allotted for the hearing. ECF No. 55, PageID.888-89. While Plaintiff does not recall the specific amount of time devoted to each motion, she does recall that no more than 10% of the hearing concerned Defendant's counterclaim and most of that shorter time period was dedicated to the issue of attorney fees. *Id*.

The Court again finds that the hearing mostly focused on Plaintiff's FRCA claims. With respect to the entries relating to Defendant's breach of contract claim, the Court awards Defendant attorney fees for 1.0 hour of work.

## IV. Conclusion

Accordingly, the Court will award Defendant Michigan First $1,410.00 in attorney fees for 9.4 hours of work relating to the breach of contract issue.

**SO ORDERED.**

DATED: October 1, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge